RICHARD AND BERNADETTE FEERICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feerick v. Commissioner
Docket No. 10539-90
United States Tax Court
T.C. Memo 1991-330; 1991 Tax Ct. Memo LEXIS 381; 62 T.C.M. (CCH) 174; T.C.M. (RIA) 91330; July 22, 1991, Filed *381 Decision will be entered for the respondent. Gino P. Cecchi, for the petitioners. Lin Murphy, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1985 in the amount of $ 6,955. Respondent also determined additions to tax as follows: Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
$ 347.75
50% of the interest due on the deficiency
$ 1,738 In their post-trial memorandum, petitioners conceded issues of deductibility of (1) certain disallowed employee business expenses claimed on Schedule A and (2) certain disallowed Schedule C expenses claimed (not including depreciation). *382 Thus, the issues for decision are (1) whether petitioners are entitled to an investment credit and a depreciation deduction with respect to equipment purchased in 1985 and (2) whether petitioners are liable for additions to tax for negligence and substantial understatement of income tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. During the year in issue petitioner Richard Feerick (hereinafter petitioner) was employed as a salesman and petitioner Bernadette Feerick was employed as a dental assistant. At some point in late October 1985, petitioner considered starting a business of commercial sweeping. The activity involved the sweeping of parking lots and malls. Petitioner contacted some potential customers to determine whether to enter into the business. In late November 1985, petitioner decided to move forward with the business. In early December, petitioner discussed the purchase of a sweeping truck with third parties, and on December 24 he made a partial payment on a sweeping machine. The machine was a 1-ton converted Toyota truck with a container on the back and a sweeping head underneath. The sweeper operates by blowing air down one side, *383 forcing trash underneath the sweeping head and over the other side. The trash is then sucked up into the container. The total cost of the sweeper was $ 18,741. Petitioner received delivery and made a final payment on the sweeper on December 30 or 31, 1985. Petitioner filed a statement of doing business in the name of Guarantee Sweep Company in Contra Costa County on December 26, 1985. Petitioner did not perform any sweeping services during 1985 and did not receive any fees for sweeping in 1985. Petitioner did perform sweeping services in years after 1985. On Schedule C attached to petitioner's 1985 return, petitioner reported a lost of $ 8,677 from Guarantee Sweep Co. No gross receipts were reported on the Schedule C. A depreciation deduction in the amount of $ 7,007 was claimed. Petitioner also claimed an investment credit with respect to the purchase of the sweeper in the amount of $ 1,071. Petitioner reported gross receipts from his sweeping activity in 1986 and 1987. In his notice of deficiency respondent disallowed the claimed Schedule C loss and the claimed investment credit. Respondent argues that petitioner was not in the sweeping business in 1985 and, therefore, *384 that he is not entitled to the depreciation deduction and investment credit. OPINION Section 162 allows for a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 167(a) provides as a depreciation deduction a reasonable allowance for exhaustion and wear and tear of property used in a trade or business. Section 1.167(a)-10(b), Income Tax Regs., provides that the period for depreciation of an asset shall begin when the asset is placed in service. Section 38 allows for an investment credit on certain property. Section 46 and the regulations ( sec. 1.46-3(d), Income Tax Regs.) provide that property shall be considered placed in service under prescribed conditions. A taxpayer is not entitled to deductions under sections 162 and 167 or credits under sections 38 and 46 for a business that has not begun operations. Petitioner was not in the sweeping business in 1985, but rather was in the process of commencing a sweeping business. Piggly Wiggly Southern, Inc. v. Commissioner, 84 T.C. 739, 745 (1985), affd. 803 F.2d 1572 (11th Cir. 1986). The sweeping machine which was delivered on December 30 *385 or 31, 1985, was not used to perform any services for customers in 1985. Since petitioner was not engaged in the sweeping business in 1985, he is not entitled to any expenses relating to the start-up of the activity in that year. Bennett Paper Corp. v. Commissioner, 78 T.C. 458 (1982), affd. 699 F.2d 450 (8th Cir. 1983); Kydd v. Commissioner, T.C. Memo 1983-749. Based on the foregoing, petitioner is not entitled to the claimed depreciation deduction or an investment credit for 1985. Petitioners failed to adequately explain why they claimed the Schedule C deductions and investment credit. After trial petitioner conceded many of the adjustments. Petitioners have failed in their burden to establish that respondent's determination with respect to the addition to tax for negligence is erroneous. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Thus the additions to tax under section 6653(a)(1) and (2) are sustained. Section 6661(a) imposes an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. An understatement *386 is substantial when it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. Sec. 6661(a). The understatement of tax here is $ 6,955, which amount exceeds $ 5,000. Thus petitioners are liable for the addition under section 6661(a). Respondent's determination with respect to the section 6661(a) addition is thus sustained. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩